**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2926
_____

DENNIS OBADO,
                                    Appellant

v.

UNITED STATES FEDERAL GOVERNMENT; FEDERAL BUREAU OF
INVESTIGATION; UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-01943)
District Judge: Honorable Brian R. Martinotti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2018
Before: RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Opinion filed: February 21, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Dennis Obado appeals from the District Court's post-judgment order denying his motion for appointment of counsel. For the following reasons, we will affirm.

Obado filed in the District Court a habeas petition brought pursuant to 28 U.S.C. § 2241. He alleged that the Government has conducted, and possibly still is conducting, immigration-related investigations about him,[1] and he asked the District Court to issue an order that, among other things, prevents the Government from investigating him and taking him into custody.

In April 2017, the District Court dismissed the case for lack of jurisdiction sua sponte because Obado was not "in custody" for purposes of § 2241. About a week later, Obado filed in the District Court a post-judgment motion to appoint counsel. The District Court denied that motion. Thereafter, Obado filed a timely appeal challenging the District Court's order dismissing his habeas petition and the subsequent order denying his post-judgment motion to appoint counsel. This Court affirmed the District Court's orders. See Obado v. United States Gov't, et al., C.A. No. 17-2116 (order entered on Aug. 9, 2017).

In July 2017, Obado filed in the District Court a second post-judgment motion for appointment of counsel. He requested the appointment of counsel "in order to immediately protect [his] critical rights," which he believes will be impugned if he is not

---

[1] It appears that Obado is an alien, but his home country is not mentioned in the record.

2

permitted to investigate the Government investigation which may be proceeding against him. D. Ct. Doc. No. 18 at 2. The District Court, in a three-page memorandum and order, denied the motion, and Obado filed a timely notice of appeal.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. See Isidor Paiewonsky Assoc. v. Sharp Props., Inc., 998 F.2d 145, 151 (3d Cir. 1993) (explaining that a district court's post-judgment order which is "not simply a ministerial or administrative act" but "effectively decided matters and interests not before it when it issued its earlier judgment on the merits" is final and appealable).

The District Court did not err in denying Obado's motion for appointment of counsel. The motion was filed post-judgment, and he thus had no pending case in the District Court for which appointment of counsel would be necessary. And, in any event, because the District Court lacked jurisdiction over the habeas petition because Obado did not satisfy § 2241's "in custody" requirement, see 28 U.S.C. § 2241(c); Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006), the "interests of justice" do not require the appointment of counsel, see 18 U.S.C. § 3006A(a)(2); Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254(d).

For the above reasons, and because this appeal presents no substantial question, we will summarily affirm the District Court's order denying the second post-judgment

---

[2] Obado has filed several motions in this Court, including a motion for appointment of counsel on appeal, a motion to expand the record, a motion for remand to the District Court, various motions to compel the Government to produce any discovery and return his property "if respondents are investigating petitioner," and several requests for injunctive relief asking for an order preventing the Government from investigating him and taking him into custody.

motion for appointment of counsel.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  We deny Obado's motion for appointment of counsel on appeal, <u>see</u> 18 U.S.C. § 3006A(a)(2); <u>Reese</u>, 946 F.2d at 263-64, and we also deny his other motions, including his motions to compel, his motion for remand, and his various requests for injunctive relief.